DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of one count of having a weapon under disability, with a firearm specification, and one count of carrying a concealed weapon. For the following reasons, the judgment of the trial court is affirmed. *Page 2 
 {¶ 2} Appellant sets forth three assignments of error:
 {¶ 3} "1. The trial court committed prejudicial error as to sentencing Mr. Lockett on the gun specification because there was no evidence on the record to support the finding of guilty.
 {¶ 4} "2. The trial court committed prejudicial error by not giving the proper jury instruction for the gun specification.
 {¶ 5} "3. Trial counsel was ineffective because he failed to object to the instructions proposed by the court."
 {¶ 6} On the night of August 30, 2006, appellant and April Lofton spent some time at Lofton's father's house in central Toledo. Eventually, appellant told Lofton she had to leave with him and verbally threatened her with harm if she did not stay with him. Lofton testified that, although she wanted to stay at her father's house, she went with appellant because she knew he was carrying a gun and was afraid. As the two walked along the street sometime after midnight, Lofton grew more afraid of appellant and finally ran into the road in an attempt to flag down a passing motorist for help. As she did, a Toledo police cruiser drove up. The officer called out to appellant, but appellant began to run away. When another officer arrived on the scene, Lofton told him that appellant had a gun. The first officer chased appellant on foot and eventually apprehended him. Appellant did not have a gun in his possession when he was caught. However, when officers retraced the path appellant took during the chase, they found a gun on the ground; Lofton later identified it as appellant's gun. *Page 3 
 {¶ 7} On September 11, 2006, appellant was indicted on one count of kidnapping in violation of R.C. 2905.01 with a firearm specification pursuant to R.C. 2941.145, one count of having a weapon under disability in violation of R.C. 2923.13(A)(2) with a firearm specification, and one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2) and (G).
 {¶ 8} Appellant pled not guilty and the matter proceeded to a jury trial. The jury found appellant not guilty of the kidnapping charge but guilty of having a weapon under disability with a gun specification and guilty of carrying a concealed weapon. Appellant was sentenced to three years for the gun specification and two years for the conviction of having a weapon under disability, to run consecutively. A six-month sentence for carrying a concealed weapon was ordered to run concurrent with the other sentences.
 {¶ 9} In support of his first assignment of error, appellant asserts that there was no evidence to support his conviction on the gun specification. Under this assignment of error, however, appellant actually appears to be arguing against the conviction for having a weapon under disability, despite clear evidence in the record of a stipulation entered prior to trial that he was under a qualifying disability at the time of the offense charged. Appellant does not dispute the stipulation on appeal. The various arguments presented under this assignment of error clearly indicate a significant amount of confusion as to the distinction between a "disability" pursuant to R.C.2923.13(A)(2) and a firearm specification pursuant to R.C. 2941.145. Nevertheless, rather than become mired in arguments that have no basis in the law or in the facts of this case, we will consider *Page 4 
appellant's assignment of error as phrased, which claims that the firearm specification was not supported by the evidence.
 {¶ 10} Pursuant to R.C. 2941.145(A), the jury had only to find that appellant "had a firearm on or about [his] person or under [his] control while committing the offense and displayed the firearm, brandished the firearm, indicated that [he] possessed the firearm, or used it to facilitate the offense."
 {¶ 11} April Lofton testified that on the night of August 30, 2006, she and appellant, whom she had been seeing for about a month, spent some time at her father's house, where Lofton planned to spend the night. Eventually, however, appellant told Lofton she had to leave with him even though she did not want to go. Lofton testified that when appellant told her she had to go with him, he verbally threatened her and "flashed" the gun he was carrying. Lofton stated that appellant "always" carried the gun, which she described as gray, with "a line on the bottom of it." She further testified that appellant had the gun with him when they left her father's house and started walking along the street. Lofton identified the gun recovered by the police the night of appellant's arrest as the one she knew him to be carrying when he ran from the police.
 {¶ 12} Based on the evidence presented to the jury and the law as set forth above, this court finds that there was evidence to support a finding of guilty as to the firearm specification. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 13} In his second assignment of error, appellant asserts that the trial court committed plain error by failing to instruct the jury properly as to the firearm *Page 5 
specification. Appellant waives all but plain error as to this issue because trial counsel did not object to the jury instruction prior to deliberations. The plain error doctrine represents an exception to the usual rule that errors must first be presented to the trial court before they can be raised on appeal. It permits an appellate court to review an alleged error where such action is necessary to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91. In order to prevail under a plain error standard, an appellant must demonstrate that there was an obvious error in the proceedings and, but for the error, the outcome of the trial clearly would have been otherwise.State v. Noling, 98 Ohio St.3d 44, 2002-Ohio-7044. This court has held that "* * * notice of plain error must be taken with the utmost caution, under exceptional circumstances, and only in order to prevent a manifest miscarriage of justice." State v. Jones, 6th Dist. No. L-05-1101,2006-Ohio-2351, ¶ 72. (Citations omitted.)
 {¶ 14} Appellant argues that all elements essential for a conviction of a firearm specification were not contained in the jury instruction. As he did under his first assignment of error, appellant again refers to "additional elements" necessary for a firearm specification that is added to a charge of having a weapon under disability. The section of the Ohio Revised Code to which appellant refers, however, does not set forth "additional elements" necessary for a finding of guilt as to a firearm specification. R.C. 2941.14(D)(1)(e), which appellant cites, actually sets forth specific findings to be made by the trial court before imposing sentence for the offense and does not contain elements which must be provided in the jury instruction. *Page 6 
 {¶ 15} As set forth above, to prove the firearm specification, the state was required to prove that appellant had a firearm in his possession or under his control while committing the offense of having a weapon under disability, and displayed or brandished it. See R.C.2941.145. The trial court instructed the jury as follows: "If your verdict is guilty of having weapons while under disability, then you will separately decide whether the State of Ohio has proved beyond a reasonable doubt that the defendant had a firearm on or about his person or under his control while committing the offense and displayed the firearm, brandished the firearm, indicated that he possessed the firearm, or used it to facilitate the offense while committing the offense charged in the indictment."
 {¶ 16} Based on the foregoing, this court finds that the trial court properly instructed the jury as to the firearm specification attached to the charge of having a weapon under disability. Appellant's second assignment of error is not well-taken.
 {¶ 17} In his third assignment of error, appellant asserts that he was denied effective assistance of counsel when his attorney failed to object to the instruction given to the jury on the firearm specification. In light of our finding in response to appellant's second assignment of error that the jury instruction was proper, we conclude that trial counsel was not ineffective for failing to object. Accordingly, appellant's third assignment of error is not well-taken.
 {¶ 18} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant *Page 7 
to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1